By the Court. Bosworth, J.
The complaint states facts sufficient to constitute a cause of action, and judgment should not have been ordered for the defendant, on the pleadings, for the reasons stated in the opinion of the court, in the action of Burrall v. De Groot, impleaded with Paton. Ante 379.
Whether there was error in holding that the plaintiff, by reading a part of the answer setting up a separate defence, as an admission of the endorsement of the note by defendant’s firm, did not make the other allegations, of that part of the answer, evidence in favor of the defendant, of the facts alleged, it is unnecessary to decide.
For, assuming that the defendant had a right to read the whole of 'that part of the answer, as evidence of the truth of the facts it affirmed, the exception to the decision, refusing permission to read it, is obviated, by proof, subsequently given, that the plaintiff bought the note, and paid full value for it, before its maturity. There being no pretence that he had notice, at the time, that it had been endorsed and negotiated by one of the partners, for purposes foreign to the partnership, the plaintiff was entitled to recover.
If the plaintiff had given evidence of that fact in the first instance, and which was wholly uncontradicted, the court would have been justified in excluding evidence tending to prove the facts set up in that part of the answer. It was agreed, on the argument, that the only part of the answer, which defendant claimed the right to read, is comprised between folios ten and twelve of the case, *388 inclusive. Those allegations present the defence first set up in the answer.
It would have been proper, in the case supposed, to have excluded such evidence, unless the defendant proposed to go further, and prove notice to the plaintiff of the misappropriation of the endorsement.
If the defendant is right, in his position, that the plaintiff, by reading that part of the answer containing the first defence, as evidence that the note was endorsed by'the firm, made the other allegations evidence of their truth, then it was clearly necessary for the plaintiff to giv^ further evidence, before he would be entitled to recover. In that view, he held the affirmative of the issue. So, too, if the endorsement, by the firm, was, as he contends, denied by the answer, the plaintiff was bound to prove it.
In either way of viewing it, the plaintiff held the affirmative of the issue. And supposing the plaintiff to have read the whole of the answer setting up the first defence, and thus, while proving that the name of defendant’s firm was written by one of its members, also gave evidence tending to show that the note was endorsed and negotiated out of the firm’s business, without the knowledge of the defendant Mahony, still the plaintiff would be entitled to recover, on proving that he became the holder of it, before maturity, for value, and without notice of the fraud practised on the defendant by his copartner.
An erroneous ruling, when the plaintiff rested, that the defendant was bound to prove the matters averred, in the part of the answer read, in discharge of his liability, is not one for which the judgment should be reversed, as evidence was afterwards given, which was wholly uncontradicted, and which entitled the plaintiff to a verdict, admitting all the matters alleged, in such part of the answer, to be truej as therein stated.
The judgment, in this action, should also be affirmed.